ELLEN TEAGUE HUNT v. KEITH HAYWOOD HUNT

No. 8610DC1066

(Filed 5 May 1987)

1. **Evidence § 34.5; Divorce and Alimony § 30— equitable distribution—gifts— statement as to intent of donor—not hearsay**

    The trial court did not err in an equitable distribution action by permitting the plaintiff's father to testify that checks from plaintiff's dead grandmother to defendant were gifts to plaintiff where the testimony was not hearsay in that it did not contain a "statement," and the requirements of N.C. G.S. § 8C-1, Rule 601(c) were not met because neither plaintiff nor her father was testifying against the interest of plaintiff's grandmother. N.C.G.S. § 8C-1, Rule 801(a).

2. **Divorce and Alimony § 30— equitable distribution—checks to defendant by plaintiff's grandmother—gifts to plaintiff—evidence sufficient**

    The evidence in an equitable distribution action adequately supported the trial court's finding that checks written to defendant by plaintiff's grandmother were gifts to plaintiff only.

3. **Divorce and Alimony § 30— equitable distribution—gifts to plaintiff—used to purchase entirety property—presumption of marital property—not rebutted**

    The trial court erred in an equitable distribution action by holding that checks written by plaintiff's grandmother to plaintiff and to defendant remained plaintiff's separate property after plaintiff placed that money into property titled in the entireties where plaintiff did not rebut the presumption that money placed into property titled in the entireties is a gift to the marital estate.

Hunt v. Hunt

**4. Divorce and Alimony § 30— equitable distribution—separate property contributed to marital estate—remanded on other grounds**

The trial court erred in an equitable distribution action by determining that plaintiff contributed separate property in the amount of $39,918.80 for the purchase of the family home where the correct figure is $38,368.88; however, the figure was of no great importance because plaintiff did not overcome the presumption that she did not intend a gift to the marital estate when she placed the money into property titled in the entireties. On remand, the trial court may reconsider its holding that an equal distribution of marital property is equitable and may consider the individual contributions of separate property under N.C.G.S. § 50-20(c)(12).

**5. Divorce and Alimony § 30— equitable distribution—CPA's opinion on gift tax—excluded**

In an equitable distribution action involving funds given to plaintiff and defendant by plaintiff's grandmother, there was no prejudicial error from the trial court's denial of defendant's request for a *voir dire* to make a showing of what a CPA's opinion would have been concerning the grandmother's gift tax returns if such returns had been filed.

**6. Divorce and Alimony § 30— equitable distribution—proceeds from sale of car—no error**

The trial court did not err in an equitable distribution action by holding that the $3,000 realized from the sale of the parties' 1982 Volvo was marital property where the car was purchased during the marriage; the parties had traded in two cars belonging to plaintiff and her parents and one car belonging to defendant; no evidence was produced as to the value of the cars that were traded for the Volvo; and in view of the total value of the marital property, any error was of limited significance and did not require a recomputation of the asset.

**7. Divorce and Alimony § 30— equitable distribution—mortgage payments**

In an equitable distribution action, all of the money used for payment on the marital home up until the date of separation consisted of either marital funds or funds presumed to be gifts to the marital estate; however, payments by defendant after separation consisted entirely of defendant's separate property and, on remand, defendant should be credited with at least the amount by which he decreased the principal owed on the marital home.

**8. Divorce and Alimony § 30— equitable distribution—credibility of witnesses**

Defendant's contentions on appeal regarding the credibility of witnesses in an equitable distribution action were of no consequence since the credibility of witnesses is to be resolved by the trier of fact.

APPEAL by defendant from *Redwine, Judge.* Order entered 12 May 1986. Heard in the Court of Appeals 11 March 1987.

Plaintiff and defendant were married on 17 October 1982 and separated on 7 January 1985. An absolute divorce was granted to the parties on 4 March 1986.

During the course of their marriage the parties purchased a house on Woodbury Drive in Raleigh. Money for the down payment came partially from separate property of defendant and partially from money supplied by plaintiff's grandmother, Ethel Teague. Plaintiff's grandmother provided the money in the form of checks, some of which were written to plaintiff and some of which were written to defendant.

The trial court held that Ethel Teague intended these checks as gifts only to plaintiff. The court also held that when this money was used as a down payment for the house, that plaintiff did not intend to make a gift of this money to the marital estate.

The trial court held that an equal division of the marital property was equitable. However, the court awarded plaintiff 85.2% of the proceeds from the sale of the marital home and 14.8% to defendant. Although not expressly stated in the judgment, this was done to reflect the differing amounts of separate property contributed to the down payment of the home.

In its findings of fact, the trial court stated that the mortgage payments made by defendant and plaintiff during their marriage and the payments made by the defendant after separation were living expenses and not subject to any consideration in equitable distribution. From the judgment of the trial court concerning the property distribution, defendant appeals.

*Gerald L. Bass for plaintiff appellee.*

*Norman M. York, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant attacks various portions of the equitable distribution judgment. His exceptions relating to the unequal division of the proceeds from the sale of the marital home have merit and demand that we vacate the distributive award as ordered and remand the case for further proceedings.

[1] Defendant contends that the trial court erred in holding that the checks from plaintiff's grandmother listing him as payee were gifts to plaintiff and not defendant. Essential to the resolution of this issue is the determination of defendant's argument that the trial court erred "by allowing Edward Teague [plaintiff's father]

to testify as to what his dead mother's gift intentions were." Defendant's contention is that this testimony was hearsay and should not have been allowed due to G.S. 8C-1, Rule 801 and Rule 802. This argument is unfounded.

Defendant is incorrect in stating that this evidence was hearsay. " 'Hearsay' is a *statement*, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." G.S. 8C-1, Rule 801(c) (emphasis added). G.S. 8C-1, Rule 801(a) defines a statement as ". . . (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion."

The testimony in question contained no such "statement" qualifying as hearsay. It is possible that Edward Teague's testimony might have been based on hearsay, but there is no way of knowing the basis of his testimony from the record. Defendant should have objected at trial as to the foundation for Mr. Teague's knowledge concerning his mother's purpose or intention but he did not. While this testimony as presented may have been objectionable on other grounds, it was not hearsay.

Defendant also argues that G.S. 8-51 prevents both plaintiff and her father from testifying about the donor's intent because these parties have an interest in the outcome. This statute was repealed effective 1 July 1984 and replaced by G.S. 8C-1, Rule 601(c). 1983 N.C. Session Laws Ch. 1037.

Rule 601(c) is a compromise between the traditional "Dead Man's Act" and complete abolition. In order for this rule to apply, four requirements must be met: 1) the witness must be a party or person interested in the event, or a person from, through or under whom such party or interested person derives his interest or title, 2) the witness must testify in his own behalf and against the representative of the deceased, 3) the testimony must relate to an oral communication between the witness and the deceased and 4) the case must fall within the four exceptions listed in the rule. G.S. 8C-1, Rule 601(c).

In the case *sub judice*, the requirements are not satisfied. Neither plaintiff nor her father are testifying against the interest of Ethel W. Teague. Defendant's contention is without merit.

**[2]**  Having determined that the evidence concerning intent was not improperly admitted under Rule 601(c), we turn to defendant's contention that the trial court erred by holding that the checks written to defendant were gifts to plaintiff only.

It is well established that findings of fact made by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979). The evidence concerning Ethel Teague's intent adequately supports the finding that the checks written to defendant were gifts to plaintiff only.

**[3]**  Defendant next contends that the trial court erred by holding that the checks written to plaintiff and the checks written to defendant remained plaintiff's separate property because plaintiff did not rebut the presumption that money placed into entireties property is a gift to the marital estate. We agree.

When a spouse furnishes consideration from separate property and causes property to be conveyed to the other spouse in the form of tenancy by the entireties, a presumption of a gift to the marital estate arises which is rebuttable only by clear, cogent and convincing evidence. *McLeod v. McLeod*, 74 N.C. App. 144, 327 S.E. 2d 910, *cert. denied*, 314 N.C. 331, 333 S.E. 2d 488 (1985). This rule is consonant with the presumption that gifts between spouses are marital property, the definition of separate property in G.S. 50-20(b)(2), and the common law rule stated in *Mims v. Mims*, 305 N.C. 41, 286 S.E. 2d 779 (1982). *Id.* It is also consistent with the partnership concept that is the foundation of the Equitable Distribution Act. *Id.; see* Sharp, *The Partnership Ideal: The Development of Equitable Distribution in North Carolina*, 65 N.C.L. Rev. 195 (1987).

While there is evidence that Ethel Teague intended the checks written to plaintiff and the checks written to defendant only as a gift to plaintiff, the record is void of any evidence concerning plaintiff's intent when placing those checks into property titled in the entireties. Plaintiff, therefore, did not rebut the *McLeod* presumption by clear, cogent and convincing evidence. The trial court erred by finding that plaintiff did not intend to make a gift to the marital estate.

**[4]**  Defendant also contends correctly that the trial court committed reversible error in determining that plaintiff contributed separate property in the amount of $39,918.80 for the purchase of the family home because there is no finding of fact to support this figure.

Based on the figures that the trial court found were contributed by plaintiff to the down payment of the house, the trial court should have arrived at a total contribution of separate property by plaintiff in the amount of $38,368.88. Having determined above, however, that plaintiff did not overcome the presumption that she did not intend a gift to the marital estate when she placed this money into property titled in the entireties, this figure is no longer of great importance.

The fact that plaintiff contributed a substantial amount more than did defendant to the down payment has possible relevance only under G.S. 50-20(c)(12) which provides that a court shall consider "[a]ny other factor which the court finds to be just and proper." Upon remand the trial court shall reconsider its holding that an equal distribution of marital property is equitable. In doing so, the trial court may consider the individual contributions of separate property if it views these contributions as an appropriate factor under G.S. 50-20(c)(12).

This Court is in no way suggesting that an equal distribution would not be equitable. We are, however, in light of our holding that plaintiff's separate property became marital when placed in the entireties, merely permitting the trial court to reevaluate its position as to whether an equal division would be proper. The trial court may find it appropriate to consider the manner in which the marital property was acquired. We note that this factor is specifically listed in the equitable distribution statutes of Delaware, Indiana, Kansas, Maryland, Nevada, Vermont, Virginia and Wyoming. Remand of this case, however, does not allow reconsideration of other potential distributive factors since the trial court has already made such evaluations.

**[5]**  Defendant next contends that the trial court committed reversible error when it denied the defendant's request for a *voir dire* to make a showing of what the C.P.A.'s opinion would have been concerning possible entries on Ethel Teague's gift tax returns if such returns had been filed. We disagree.

Assuming *arguendo* that it was error for the trial court to exclude such testimony, it was not prejudicial error. Plaintiff herself presented evidence that Ethel Teague wrote checks totaling $10,000 to defendant for tax purposes only, thus implying that if gift tax returns had been filed, defendant would have been listed as the donee. That is precisely the point that defendant was trying to make with this line of questioning.

The trial court, however, was persuaded more by the testimony that Ethel Teague actually intended the money as a gift to only her granddaughter. The opinion of the C.P.A. as to non-existing gift tax returns would have added nothing. Defendant's contention is without merit.

[6] Defendant next argues that the trial court committed reversible error in holding that all of the proceeds from the sale of the parties' 1982 Volvo were marital property because the down payment for the automobile consisted of funds generated prior to the marriage. Again we disagree.

The trial court found that the parties purchased a 1982 Volvo during their marriage and that as a part of the transaction, the parties traded in two cars belonging to plaintiff and her parents, and one car belonging to defendant. The parties produced no evidence as to the value of the cars that were traded for the Volvo. The trial court held that the 1982 Volvo was marital property and equally divided the $3,000 realized from the sale of the car.

In view of the total value of the marital property and the fact that both parties contributed comparable separate property to the acquisition of this particular asset, any error made by the trial court in failing to allocate the respective marital and separate interests is of limited significance and does not require a recomputation of this asset. *See Harris v. Harris*, 84 N.C. App. 353, 352 S.E. 2d 869 (1987). It is important to note that the parties here presented no evidence as to the value of the automobiles traded for the Volvo.

Defendant also contends that the trial court committed reversible error by holding that the mortgage payments made during the marriage and the mortgage payments made by the defendant after separation were living expenses and not subject to any consideration in equitable distribution.

[7] We first deal with the mortgage payments made during the marriage. Having determined that the trial court incorrectly concluded that money contributed to the down payment of the house remained separate property, this contention becomes unimportant. All of the money used in payment on the marital home up until the date of separation consisted of either marital funds or funds presumed to be gifts to the marital estate. *See Draughon v. Draughon*, 82 N.C. App. 738, 347 S.E. 2d 871 (1986), *cert. denied*, 319 N.C. 103, 353 S.E. 2d 107 (1987); *McLeod v. McLeod*, 74 N.C. App. 144, 327 S.E. 2d 910, *cert. denied*, 314 N.C. 331, 333 S.E. 2d 488 (1985).

The payments made by defendant after separation, however, consisted entirely of defendant's separate property. From the record before us, it would appear that defendant should be credited with at least the amount by which he decreased the principal owed on the marital home. Upon remand the court shall make a determination as to this issue.

[8] Defendant also contends that the trial court committed reversible error by placing too much credibility in the testimony of the plaintiff and her only witness, and that the trial court erred in not giving sufficient weight to the testimony of the C.P.A. and to the exhibit of the expert C.P.A. The credibility of a witness, however, is a matter to be resolved by the trier of fact. *Laughter v. Lambert*, 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Defendant's contentions concerning credibility are therefore without consequence.

We have examined the remainder of defendant's contentions and have determined them already to have been answered in this opinion or to be without merit.

Judgment vacated; cause remanded for further proceedings consistent with this opinion.

Judge GREENE concurs.

Judge MARTIN concurs in the result.