JOHNNY ELLIS MILLER v. LOIS JUNE MILLER

No. 8925DC207

(Filed 16 January 1990)

1. **Divorce and Alimony § 30 (NCI3d)— equitable distribution— debt not classified as marital or separate property — insufficient evidence presented**

   The trial court in an equitable distribution proceeding did not err in failing to classify, value, and distribute as marital debt a judgment in favor of a lumber company which was entered against both husband and wife during the marriage, since plaintiff who claimed the debt was marital did not offer any evidence as to the circumstances giving rise to the debt or as to the value of the debt on the date of separation; furthermore, the case is not remanded for the taking of new evidence where the parties had ample opportunity to present evidence at trial and failed to do so.

   **Am Jur 2d, Divorce and Separation § 935.**

2. **Divorce and Alimony § 30 (NCI3d)— stipulation that equal division was equitable — no credit for mortgage payments made after separation**

   Where the parties stipulated that an equal division of the marital property was equitable, it would have been improper for the trial court to credit plaintiff with any mortgage payments he made after the separation of the parties.

   **Am Jur 2d, Divorce and Separation § 632.**

APPEAL by plaintiff from judgment entered 20 October 1988 by *Judge Timothy Kincaid* in BURKE County District Court. Heard in the Court of Appeals 20 September 1989.

*Wayne O. Clontz for plaintiff-appellant.*

*Todd, Vanderbloemen, Respess and Brady, P.A., by W. Darrell Pope and William W. Respess, Jr., for defendant-appellee.*

GREENE, Judge.

The plaintiff (husband) appeals from an order of equitable distribution entered after a trial conducted on 20 October 1988.

MILLER v. MILLER

[97 N.C. App. 77 (1990)]

The undisputed evidence reveals that the husband and defendant (wife) were married 6 August 1967 and separated 22 May 1984. During the marriage the parties acquired certain real and personal properties, primarily a house, furnishings for the house and various automobiles. The parties agreed that the house was marital property but had some disagreement as to whether various personal properties were marital or separate. It was undisputed that there existed a debt secured by a deed of trust on the house with an outstanding balance on the date of separation of $15,011.30. The parties also agreed a judgment existed in favor of Wall Lumber Company which had been filed in December 1981 against the husband, the wife and additional defendants Edgar B. Patton and wife, Sarah E. Patton and Table Rock Construction Company in the amount of $31,833.84 plus interest at the rate of 12% per annum. The Deputy Clerk of Court testified that the "judgment [was] satisfied as to Edgar Patton and Vera [sic] Patton" sometime "between May 1982 and May 1983." The Deputy Clerk further testified that "as far as I can tell the remainder of the judgment, except for the Edgar Patton and Tara [sic] Patton, release remains in full force and effect."

Between the date of the separation and the date of the equitable distribution trial, the wife resided in the marital home forty-five days and the husband the remainder of the time. After the separation, the husband made fifty-three house payments, and the wife made "one or two." The husband in 1985 paid to the Internal Revenue Service $3,806.10, said sum representing delinquent taxes assessed against the husband and wife for the year 1978 in the amount of $2,227.60 and penalties of $1,478.50.

The parties stipulated that an "equal division of the marital property is equitable" and that the wife "would be credited with penalties and interest that accrued on the IRS tax lien subsequent to the parties' separation."

The trial court valued the marital home at $35,000 on the date of separation and determined its net value to be $19,988.70. The trial court determined the net value of the marital personal property was $6,953.33. In the final order of distribution, the trial judge ordered that title in all marital property be placed with the husband and that the husband pay to the wife one-half of the net value of all the marital property or $13,470.00.

The issues presented are I) whether the Wall Lumber Company judgment was a marital debt which the trial court was required to distribute; II) whether the husband should have been given a credit for post-separation payments he made on the marital home mortgage; and III) whether the trial court prejudicially erred in its calculations of the total equity of the marital property.

I

[1] The husband first argues the trial court erred in failing to classify, value and distribute, as marital debt, the judgment in favor of Wall Lumber Company which was entered against both the husband and wife during the marriage.

Pursuant to our equitable distribution statute, N.C.G.S. § 50-20 et seq. (1987), the trial court is required to classify, value and distribute, if marital, the debts of the parties to the marriage. Byrd v. Owens, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987). The party claiming the debt to be marital has the burden of proving the value of the debt on the date of separation and that it was "incurred during the marriage for the joint benefit of the husband and wife." Id.; see Johnson v. Johnson, 317 N.C. 437, 455, n.4, 346 S.E.2d 430, 440 (1986) (when classifications of assets are disputed, the assets must be labeled "marital" or "separate" "depending upon the proof presented to the trial court of the nature of those assets"); cf. White v. White, 312 N.C. 770, 776, 324 S.E.2d 829, 832 (1985) (party desiring unequal division of marital property bears "the burden of producing evidence concerning one or more of the twelve factors in the statute and the burden of proving by a preponderance of the evidence that an equal division would not be equitable.").

The equitable distribution order entered in this case fails to classify the Wall Lumber Company debt as either marital or separate, value the debt, or finally, distribute it. However, as the husband, who claims the debt was marital, has failed in his burden of proof, the trial court therefore did not err in failing to classify, value and distribute the debt. See Green v. Green, 494 A.2d 721, 729-30 (Md. Ct. Spec. App. 1985) (upon applicant's failure to present evidence of the identity and value of various items, the trial court correctly omitted the items in its determination of marital property).

The husband offered no evidence as to the circumstances giving rise to the debt, and therefore a determination could not be made by the trial court as to whether the debt was incurred for

the joint benefit of the spouses or otherwise. The mere fact that the judgment was entered against both spouses is not alone evidence sufficient to require classification of the debt as marital. *See Geer v. Geer*, 84 N.C. App. 471, 475, 353 S.E.2d 427, 429 (1987). Furthermore, there is insufficient evidence of the value of the debt on the date of the separation. The evidence reveals only the amount of the judgment on the date of its entry, some two and one-half years before the date of the separation. While there was evidence that the judgment in its full amount remained of record in the clerk's office on the date of the equitable distribution trial, there was some evidence that two of the defendants of the judgment, not the husband and the wife, had paid some amount of monies to Wall Lumber Company reducing the amount of the debt. We determine that the evidence of value is inconclusive and does not satisfy the husband's burden of proof.

Since the party claiming the property, here a debt, to be marital has failed in his burden to present evidence from which the trial court can classify, value and distribute the property, that party cannot on appeal claim error when the trial court fails to classify the property as marital and distribute it. *See Beaty v. Beaty*, 423 N.W.2d 262, 264 (Mich. Ct. App. 1988) ("if the burden is not met, the interest should not be considered an asset."). Furthermore, we will not remand the case for the taking of new evidence. The parties have had ample opportunity to present evidence and have failed to do so. The requirements that the trial court (1) classify and value all property of the parties, both separate and marital, (2) consider the separate property in making a distribution of the marital property, and (3) distribute the marital property, necessarily exist only when evidence is presented to the trial court which supports the claimed classification, valuation and distribution. Furthermore, remanding the matter for the taking of new evidence, in essence granting the party a second opportunity to present evidence, "would only protract the litigation and clog the trial courts with issues which should have been disposed of at the initial hearing." *In re Marriage of Smith*, 448 N.E.2d 545, 550 (Ill. App. Ct. 1983).

II

[2]    The husband next argues the trial court erred in not crediting him with the amount by which he decreased the principal of the parties' mortgage after the parties separated. We disagree. Pay-

MILLER v. MILLER

[97 N.C. App. 77 (1990)]

ment by one of the spouses, after the date of separation, on a marital home mortgage is a factor appropriately considered by the trial court pursuant to N.C.G.S. § 50-20(c)(11a) and (12) (1987) in determining what division of marital property is equitable. However, where the parties, as here, stipulate that an equal division of the marital property is equitable, it is not only unnecessary but improper for the trial court to consider, in making that distribution, any of the distributional factors set forth in § 50-20(c). The trial court therefore correctly refused to credit the husband with any mortgage payments he made after the separation of the parties. In the absence of such a stipulation, the trial court should consider in determining what distribution is equitable, the payments any spouse makes on the marital home mortgage after separation, *Hunt v. Hunt*, 85 N.C. App. 484, 491, 355 S.E.2d 519, 523 (1987), and also consider the "post-separation use of the marital residence" by either of the parties. *Becker v. Becker*, 88 N.C. App. 606, 607, 364 S.E.2d 175, 176 (1988).

### III

The husband next argues that the trial court erred in Finding No. 51 by calculating the equity in the marital home, automobiles and personal property as totalling $31,842.02. In an earlier finding, the trial court established the equity in the marital home at $19,998.70, the equity value of the marital automobiles at $2,053.33, and the net value of the other marital personal property at $4,900.00. In calculating the sum of these, the trial court apparently added in the value of personal property twice. However, we find this error non-prejudicial since the trial court, in fact, ordered husband to pay to wife the correct amount, half of $26,942.30, in equal division of the marital property.

### IV

The husband finally argues the trial court erred in classifying some portions of his separate property as marital and that he was not given proper credit for his IRS payment. We disagree. First, we determine there was competent evidence in the record to support the trial court's classification of the properties. *See Patton v. Patton*, 78 N.C. App. 247, 255, 337 S.E.2d 607, 612 (1985), *reversed on other grounds*, 318 N.C. 404, 348 S.E.2d 593 (1986) (in equitable distribution proceeding, findings are binding on appellate courts when supported by competent evidence). Secondly, we determine the trial court committed no error in his credit-

ing of the tax payments made by the husband. The trial court's order appears entirely consistent with the parties' stipulation relating to the IRS tax payments.

Affirmed.

Judges EAGLES and PARKER concur.