HENRY CARLTON GRASTY, Plaintiff/Appellee v. NANCY GRASTY, Defendant/Appellant

No. COA96-642

(Filed 1 April 1997)

**1. Divorce and Separation § 135 (NCI4th)— equitable distribution—marital property—value—evidence unreasonable and not credible**

In an equitable distribution proceeding, the trial court did not err in failing to value a business classified as marital property where the court found defendant's evidence of the value of the business to be "wholly incredible and without reasonable basis," and plaintiff did not offer any evidence of the value of the business.

**Am Jur 2d, Divorce and Separation §§ 937 et seq.**

**Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. 15 ALR4th 224.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

**2. Divorce and Separation § 135 (NCI4th)— equitable distribution—marital asset—no credible evidence of value—failure to appoint appraiser**

The trial court did not abuse its discretion by not appointing an expert to appraise a marital asset in an equitable distribution

proceeding even though there was no credible evidence of the value of the marital asset. The decision to appoint an expert and to call the expert as a witness are matters left to the sound discretion of the trial court. N.C.G.S. § 8C-1, Rules 614(a), 706(a)

**Am Jur 2d, Divorce and Separation §§ 937 et seq.**

**Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. 15 ALR4th 224.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

3. **Divorce and Separation § 135 (NCI4th)— equitable distribution—marital asset—absence of valuation—not distributable**

The trial court erred in distributing a business found to be a marital asset in an equitable distribution proceeding where the trial court refused to value the business since only assets which are classified as marital property and valued are subject to distribution. Any interest the parties have in the business will pass outside the Equitable Distribution Act and be determined by alternative means of property division, including other relevant statutes, the common law or private agreements.

**Am Jur 2d, Divorce and Separation §§ 937 et seq.**

**Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. 15 ALR4th 224.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

Appeal by defendant from judgment entered 19 December 1995 in Haywood County District Court by Judge Steven J. Bryant. Heard in the Court of Appeals 19 February 1997.

*Patrick U. Smathers, P.A., by Patrick U. Smathers, for plaintiff-appellee.*

*Hyler & Lopez, by George B. Hyler Jr. and Robert J. Lopez, for defendant-appellant.*

GREENE, Judge.

Nancy Grasty (defendant) appeals an equitable distribution judgment in which the trial court distributed a service station and wrecker business (Grasty Service) to Henry Grasty (plaintiff).

The plaintiff and defendant were married in December 1971, separated on 26 January 1992, and subsequently divorced in March 1993. Both plaintiff and defendant requested equitable distribution. At the equitable distribution hearing the defendant presented evidence that Grasty Service was a marital asset and based on expert testimony had a value of at least $100,000. The trial court found that Grasty Service was a marital asset and distributed the asset to the plaintiff. With respect to the value of Grasty Service the trial court entered the following finding:

> [t]he defendant attempted to establish the net fair market value of the plaintiff's interest in Grasty Service through expert testimony which the court found to be wholly incredible and without reasonable basis and therefore failed to establish by the greater weight of the evidence the value of the plaintiff's interest in the business as of the date of the parties' separation[; and] plaintiff offered no value for [Grasty Service].

The issues are whether the trial court erred (I) in failing to value Grasty Service based on the evidence presented; and (II) in failing to appoint an expert to value Grasty Service.

The defendant argues that in this equitable distribution proceeding the trial court was required to determine the value of the plaintiff's interest in Grasty Service and that in the absence of evidence presented by the parties, the trial court must "appoint an expert or invoke other inherent powers, or seek out other evidence on which to base a valuation."

I

[1] This Court has repeatedly held that the trial court has an obligation to "make specific findings regarding the value" of any property classified as marital, including any business owned by one of the parties to a marriage. *Poore v. Poore*, 75 N.C. App. 414, 422, 331 S.E.2d 266, 272 (dental practice), *disc. rev. denied*, 314 N.C. 543, 335 S.E.2d 316 (1985); *see e.g.*, *Draughon v. Draughon*, 82 N.C. App. 738, 741, 347 S.E.2d 871, 873 (1986) (landscaping business), *disc. rev. denied*,

319 N.C. 103, 353 S.E.2d 107 (1987); *Byrd v. Owens*, 86 N.C. App. 418, 421, 358 S.E.2d 102, 105 (1987) (computer distributing business). This obligation, however, exists only when there is credible evidence supporting the value of the asset. *Albritton v. Albritton*, 109 N.C. App. 36, 40-41, 426 S.E.2d 80, 83-84 (1993) (trial court did not err in failing to place a value on pension where no evidence presented as to value of pension); *Byrd*, 86 N.C. App. at 424, 358 S.E.2d at 106 (personal guarantees must be valued "if the defendant presents sufficient evidence as to their value"); *Miller v. Miller*, 97 N.C. App. 77, 80, 387 S.E.2d 181, 184 (1990) (requirement that court' value property "exist[s] only when evidence is presented to the trial court which supports the claimed . . . valuation"); 1 Michael Asimow, et al., *Valuation and Distribution of Marital Property* § 19.02[2], at 14-16 (1996) ("it is the responsibility of the parties to present sufficient evidence regarding valuation").

The credibility of the evidence in an equitable distribution trial is for the trial court. *Hunt v. Hunt*, 85 N.C. App. 484, 491, 355 S.E.2d 519, 523 (1987) (argument that trial court "erred in not giving sufficient weight to the testimony of" expert rejected on grounds that credibility of witness was for the trial court). The trial court, as the finder of fact in an equitable distribution case, *Kiser v. Kiser*, 325 N.C. 502, 511, 385 S.E.2d 487, 492 (1989) (no right to jury trial in equitable distribution action), has "the right to believe all that a witness testified to, or to believe nothing that a witness testified to, or to believe part of the testimony and to disbelieve part of it." *Brown v. Brown*, 264 N.C. 485, 488, 141 S.E.2d 875, 877 (1965); *Fox v. Fox*, 114 N.C. App. 125, 134, 441 S.E.2d 613, 619 (1994) (trial court judge is "sole arbiter of credibility and may reject the testimony of any witness in whole or in part").

In this case the defendant offered evidence as to the value of Grasty Service and the trial court found it to be "wholly incredible and without reasonable basis." Because the defendant failed to present credible evidence as to the value of Grasty Service, the trial court did not err in failing to value that asset.

II

[2] We also reject the argument of the defendant that in the absence of credible evidence as to the value of a marital asset the trial court is required to appoint an expert to appraise the asset. Our Rules of Evidence provide that the trial court "may" appoint an expert to value

an asset in an equitable distribution proceeding, N.C.G.S. § 8C-1, Rule 706(a) (1992); *Poore*, 75 N.C. App. at 422, 331 S.E.2d at 272, and call that expert as a witness in the trial. N.C.G.S. § 8C-1, Rule 706(a); N.C.G.S. § 8C-1, Rule 614(a) (1992) (court may call witness). Courts, however, "rarely call witnesses, and rightly so" because it "is hard for judges to maintain impartiality while becoming an active participant in summoning witnesses." Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 335, at 542-46 (2d ed. 1994) (hereinafter *Federal Evidence*). Furthermore, the calling of a witness by the trial court "interferes with the presentation of evidence by the parties, depriving them of a portion of the control which the adversary system normally confers upon them." *Federal Evidence* § 366, at 737. In any event, the decision to appoint an expert and to call that expert as a witness are matters left to the sound discretion of the trial court. *Federal Evidence* § 367, at 741; *see State v. Brown*, 306 N.C. 151, 175-76, 293 S.E.2d 569, 585, *cert. denied*, 459 U.S. 1080, 74 L. Ed. 2d 642 (1982) (within judge's discretion to appoint expert). In this case there is nothing to suggest that the trial court abused its discretion in not appointing an expert to value Grasty Service. The trial court was certainly not required, as argued by the defendant, to appoint an expert.

[3] Because only those assets and debts that are classified as marital property and valued are subject to distribution under the Equitable Distribution Act (Act), *Cable v. Cable*, 76 N.C. App. 134, 137, 331 S.E.2d 765, 767, *disc. rev. denied*, 315 N.C. 182, 337 S.E.2d 856 (1985); *see Miller*, 97 N.C. App. at 79, 387 S.E.2d at 183, and because the trial court (on this record) properly refused to assign a value to Grasty Service, plaintiff's interest in Grasty Service is not subject to distribution under the Act. The trial court therefore erred in distributing Grasty Service in this equitable distribution proceeding. Accordingly, we remand to the trial court for the entry of a new equitable distribution judgment based on this record (without the taking of new evidence). *See Miller*, 97 N.C. App. at 80, 387 S.E.2d at 184 (parties have had ample opportunity to present evidence and will not be given a second opportunity). Any interest the parties have in Grasty Service will necessarily pass outside the Act and be determined by alternative means of property division, including other relevant statutes, the common law or private agreements. *Hagler v. Hagler*, 319 N.C. 287, 292, 354 S.E.2d 228, 233 (1987) (equitable distribution is one means of property division); see *Leatherman v. Leatherman*, 297 N.C. 618, 256 S.E.2d 793 (1979).

**GRASTY v. GRASTY**

[125 N.C. App. 736 (1997)]

We have reviewed the defendant's remaining arguments and determine without discussion that there was no error with regard to each.

Affirmed in part and remanded.

Judges WALKER and McGEE concur.