An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-984
NORTH CAROLINA COURT OF APPEALS

Filed:  15 April 2014

MOLLY DREW DAVIS,
     Plaintiff,

v.                                      Davidson County
                                        No. 10 CVD 3929
MICHAEL R. DAVIS,
     Defendant.


Appeal by defendant from judgment and order entered 5 February 2013 by Judge Mary F. Covington in Davidson County District Court.  Heard in the Court of Appeals 8 January 2014.

*Molly Brown Davis, pro se, plaintiff-appellee.*

*The Law Offices of Lee M. Cecil, by Lee M. Cecil for defendant-appellant.*


DAVIS, Judge.


Michael R. Davis ("Defendant") appeals from the trial court's equitable distribution judgment and alimony order.  On appeal, Defendant argues that the trial court erred (1) in its valuation and distribution of 500 shares of stock in a closely-held corporation; and (2) by failing to make adequate findings

of fact to support the amount and duration of the alimony awarded. After careful review, we vacate and remand.

## Factual Background

Molly Drew Davis ("Plaintiff") and Defendant were married on 14 October 1989, separated on 15 September 2009, and divorced on 11 February 2011. Two children were born during the parties' marriage, one of whom is still a minor. On 8 November 2010, Plaintiff filed a complaint seeking absolute divorce, child custody and support, post-separation support, permanent alimony, equitable distribution, and attorneys' fees. Defendant filed an answer and counterclaims for child custody and support, equitable distribution, and absolute divorce.

The trial court heard the parties' claims for equitable distribution and Plaintiff's claim for alimony on 11 October 2012. The trial court entered its judgment and order on 5 February 2013 that provided for (1) an equal division of the marital property; and (2) monthly alimony payments of $1,000.00 from Defendant to Plaintiff until 1 January 2032. Defendant gave timely notice of appeal to this Court.

## Analysis

### I. Equitable Distribution

We review a trial court's order of equitable distribution

under an abuse of discretion standard. *Wieneck-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992). "Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry or a finding that the trial judge failed to comply with the statute will establish an abuse of discretion." *Id.* (internal citations omitted).

In his first argument on appeal, Defendant asserts that the trial court erred in its valuation and subsequent distribution of 500 shares of stock in American Auto Supply, Inc., a closely-held corporation founded by Defendant's grandfather. Defendant contends that the trial court's valuation of the shares is not supported by competent evidence. Defendant further asserts that because there was insufficient evidence offered at trial concerning the valuation of the 500 shares of American Auto Supply, Inc., the shares should be removed and excluded from the distribution scheme.

"In valuing a marital interest in a business, the task of the trial court is to arrive at a date of separation value which reasonably approximates the net value of the business interest." *Fitzgerald v. Fitzgerald*, 161 N.C. App. 414, 419, 588 S.E.2d 517, 521 (2003) (citations and quotation marks omitted). In *Poore v. Poore*, 75 N.C. App. 414, 331 S.E.2d 266, *disc. review*

*denied*, 314 N.C. 543, 335 S.E.2d 316 (1985), this Court explained that

> [i]n ordering a distribution of marital property, a court should make specific findings regarding the value of a spouse's professional practice and the existence and value of its goodwill, and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied. On appeal, if it appears that the trial court reasonably approximated the net value of the practice and its goodwill, if any, based on competent evidence and on a sound valuation method or methods, the valuation will not be disturbed.

*Id.* at 422, 331 S.E.2d at 272.

Our Supreme Court has made clear that the standard articulated in *Poore* — requiring specific findings concerning the trial court's valuation of a business and the methods it used to arrive at that valuation — is also applicable to the valuation of a marital interest in a closely-held corporation. *See Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) ("[T]he requirement of specific findings is no less applicable in an equitable distribution order involving a spouse's interest in a closely-held corporation.").

Here, the only finding made by the trial court regarding the valuation of the American Auto Supply, Inc. shares is contained in finding of fact 8 and states:

> The Court finds that the shares of stock are marital, having been purchased with funds during the course of the marriage; however, the Court finds that $20,000.00 is the value of the 500 shares based on the fact that the parties separated two years prior to the date of the final accounting along with the state of the market at the time of the separation.

This finding merely references (1) "the state of the market at the time"; and (2) a final accounting of Defendant's mother's estate that took place two years after the date of the parties' separation and valued 233 shares of American Auto Supply, Inc. at $16,500.00.  In light of the lack of clarity and specificity of this finding, we believe that the judgment fails to "state specifically how the court arrived at its valuation."  *Offerman v. Offerman*, 137 N.C. App. 289, 296, 527 S.E.2d 684, 688 (2000); *see Locklear v. Locklear*, 92 N.C. App. 299, 302, 374 S.E.2d 406, 407-08 (1988) ("A mere recitation of the factors the trial court considered in its valuation of the corporation is not sufficient; the trial court must also indicate the value it attaches to each of the enumerated factors."), *disc. review allowed*, 324 N.C. 336, 378 S.E.2d 794 (1989).

However, while the trial court's findings are insufficient, we must determine whether the parties offered sufficient evidence at trial that would have allowed the trial court to

make appropriate findings on the issue containing the requisite level of specificity. It is well established that the trial court's "obligation to make specific findings regarding the value of any property classified as marital, including any business owned by one of the parties . . . . exists only when there is credible evidence supporting the value of the asset." *Grasty v. Grasty*, 125 N.C. App. 736, 738-39, 482 S.E.2d 752, 754 (internal citations and quotation marks omitted), *disc. review denied*, 346 N.C. 278, 487 S.E.2d 545 (1997); *see Miller v. Miller*, 97 N.C. App. 77, 80, 387 S.E.2d 181, 184 (1990) ("The requirements that the trial court (1) classify and value all property of the parties, both separate and marital, (2) consider the separate property in making a distribution of the marital property, and (3) distribute the marital property, necessarily exist only when evidence is presented to the trial court which supports the claimed classification, valuation and distribution.").

In the present case, neither party offered any evidence of the value of the 500 shares of stock at the date of separation. Indeed, at the equitable distribution hearing, the trial court expressed its frustration at the absence of evidence upon which to value the shares, asking the parties' attorneys: "So we don't

have the value of that stock as of the date of separation?" and "We're supposed to pull that number out of my robe, is that what I'm being told?"

Because the parties failed to offer evidence at the equitable distribution hearing regarding the value of the 500 shares of American Auto Supply, Inc. stock as of the date of separation, we remand to the trial court for the entry of a new equitable distribution judgment removing the shares from the distribution scheme. The parties had "ample opportunity to present evidence [of the shares' value] and have failed to do so." *Miller*, 97 N.C. App. at 80, 387 S.E.2d at 184. Thus, "remanding the matter for the taking of new evidence, in essence granting . . . a second opportunity to present evidence, would only protract the litigation and clog the trial courts with issues which should have been disposed of at the initial hearing." *Id.* (citation and quotation marks omitted).

## II. Alimony

Defendant next contends that the trial court erred by awarding Plaintiff a monthly alimony award of $1,000.00 until 1 January 2032 without making sufficient findings of fact regarding the amount and duration of the award. We agree.

N.C. Gen. Stat. § 50-16.3A provides, in pertinent part, that the trial court "shall set forth the reasons for its award or denial of alimony, and if making an award, the reasons for its amount, duration, and manner of payment." N.C. Gen. Stat. § 50-16.3A(c) (2013). In making an alimony award, the trial court is to consider all relevant factors, including:

> (1) The marital misconduct of either of the spouses. Nothing herein shall prevent a court from considering incidents of post date-of-separation marital misconduct as corroborating evidence supporting other evidence that marital misconduct occurred during the marriage and prior to [the] date of separation;
>
> (2) The relative earnings and earning capacities of the spouses;
>
> (3) The ages and the physical, mental, and emotional conditions of the spouses;
>
> (4) The amount and sources of earned and unearned income of both spouses, including, but not limited to, earnings, dividends, and benefits such as medical, retirement, insurance, social security, or others;
>
> (5) The duration of the marriage;
>
> (6) The contribution by one spouse to the education, training, or increased earning power of the other spouse;
>
> (7) The extent to which the earning power, expenses, or financial obligations of a spouse will be affected by reason of serving as the custodian of a minor child;

(8) The standard of living of the spouses established during the marriage;

(9) The relative education of the spouses and the time necessary to acquire sufficient education or training to enable the spouse seeking alimony to find employment to meet his or her reasonable economic needs;

(10) The relative assets and liabilities of the spouses and the relative debt service requirements of the spouses, including legal obligations of support;

(11) The property brought to the marriage by either spouse;

(12) The contribution of a spouse as homemaker;

(13) The relative needs of the spouses;

(14) The federal, State, and local tax ramifications of the alimony award;

(15) Any other factor relating to the economic circumstances of the parties that the court finds to be just and proper.

(16) The fact that income received by either party was previously considered by the court in determining the value of a marital or divisible asset in an equitable distribution of the parties' marital or divisible property.

N.C. Gen. Stat. § 50-16.3A(b).

Here, although the trial court made findings regarding several of the above-quoted factors in its order, it failed to articulate how these findings might support a monthly award in

the amount of $1,000.00 until 1 January 2032. Indeed, the trial court's findings of fact regarding the amount and duration of the alimony award state in full:

> 35. The Defendant testified that he received a substantial inheritance from both his mother and father's estates. The Defendant will have substantial resources from which, not only to pay his monthly living expenses, but also a monthly alimony award to the Plaintiff.
>
> 36. Other than the limited income as set forth above, the Plaintiff has no other source of income or support and is substantially in need of support from the Defendant and as such is the dependent spouse of the Defendant.
>
> 37. Due to the Defendant's income, the Plaintiff's limited income and the expenses of the parties, the Defendant is the supporting spouse of the Plaintiff as defined in N.C.G.S. § 50-16.3[A].
>
> 38. Considering the respective estates, earnings, conditions and accustomed standard of living of the parties and the ability of the Defendant to pay monthly alimony, $1,000.00 represents a reasonable sum of monthly alimony.
>
> 39. Said payments shall begin January 1, 2013. The Court finds that this Order is made retroactive from the date of the end of Plaintiff's post separation support which was in April, 2012. The Court orders that the Defendant shall pay an additional $500.00 per month until those have been paid. The Defendant's accumulated arrearage is $8,000.00 (namely from May, 2012 through December, 2012).

> 40. The alimony payments in the amount of $1,000.00 will terminate on January 1, 2032. The Defendant may elect to pay the Plaintiff the sum of $400,000.00 (Four Hundred Thousand and No/100 Dollars) in lieu of his monthly alimony obligation.

In the decretal portion of the order, the trial court further noted that, in accordance with N.C. Gen. Stat. § 50-16.9, alimony will terminate at the occurrence of (1) Plaintiff's remarriage; (2) Plaintiff's death; (3) Defendant's death; or (4) Plaintiff's cohabitation as defined by N.C. Gen. Stat. § 50-16.9(b) – assuming if any of these events occur before 1 January 2032.

We do not believe that these findings sufficiently articulate the trial court's "reasons for its amount, duration, and manner of payment" as required by N.C. Gen. Stat. § 50-16.3A(c). In *Hartsell v. Hartsell*, 189 N.C. App. 65, 76, 657 S.E.2d 724, 731 (2008), we determined that the findings regarding the amount of the alimony award were inadequate where "the trial court made only a finding that [the] plaintiff had the ability to pay that amount, but provided no explanation as to why it had concluded that [the] defendant was entitled to that specific amount."

The same is true here. Though the trial court references

the "respective estates, earnings, conditions and accustomed standard of living of the parties" in its finding determining that $1,000.00 is "a reasonable sum of monthly alimony," this cursory discussion does not provide proper insight into the trial court's reasoning. *See Lucas v. Lucas*, 209 N.C. App. 492, 501, 706 S.E.2d 270, 276 (2011) (concluding that trial court's findings regarding alimony were "too meager to enable the reviewing court to determine whether the trial judge exercised proper discretion in deciding what defendant was to pay plaintiff" (citation and quotation marks omitted)).  Likewise, when the trial court concluded that Defendant could make a one-time payment of $400,000.00 to Plaintiff in lieu of the monthly alimony payments, it provided no rationale as to why this particular amount and this alternative manner of payment would be appropriate.

Additionally, the trial court failed to set forth the reason for its determination that Plaintiff was entitled to receive alimony from Defendant until 1 January 2032.  "[T]his Court has repeatedly held that an alimony order is inadequate when it contains no findings explaining the reason for the duration chosen . . . ."  *Id.* at 502, 706 S.E.2d at 277.  Therefore, we must remand this matter to the trial court so that

it may make specific findings of fact explaining its reasoning regarding the amount and duration of the alimony award. *See Works v. Works*, ___ N.C. App. ___, ___, 719 S.E.2d 218, 220 (2011) (remanding "with instructions that [the trial court] make specific findings with respect to its reasons for the specified duration of its alimony award"); *Hartsell*, 189 N.C. App. at 76-77, 657 S.E.2d at 731 (remanding "for further findings of fact regarding the basis for the amount and duration of the alimony award").

## Conclusion

For the reasons stated above, we vacate the trial court's equitable distribution judgment and alimony order and remand the case for further proceedings as set out herein.

VACATED AND REMANDED.

Judges STEELMAN and STEPHENS concur.

Report per Rule 30(e).