IN THE MATTER OF: H.S.F.

No. COA06-1608

(Filed 17 April 2007)

**1. Child Abuse and Neglect— best interests of juvenile— findings**

The uncontested findings supported the trial court's conclusion that it was in a juvenile's best interest for legal custody to be with her father where the father's fitness and ability to provide proper care and supervision were not contested, and there were numerous uncontested findings that demonstrated respondent mother's unfitness and inability to provide proper care.

IN RE H.S.F.

[182 N.C. App. 739 (2007)]

**2. Appeal and Error— custody of child—assignment of error—review order only**

The respondent in a proceeding to determine custody of a juvenile appealed only from the trial court's review order and not from the court's subsequent civil custody order, so that the Court of Appeals acquired no jurisdiction to consider respondent's assignment of error regarding findings under N.C.G.S. § 7B-911(c)(1). According to the plain and definite meaning of the statute, it applies only to civil custody orders.

Appeal by respondent mother from order entered 14 September 2006 by Judge Anna F..Foster in Cleveland County District Court. Heard in the Court of Appeals 26 March 2007.

*Charles E. Wilson, Jr., for petitioner-appellee Cleveland County Department of Social Services.*

*Hall & Hall Attorneys at Law, PC, by Susan P. Hall, for respondent-appellant.*

*Rebekah W. Davis, for respondent father-appellee.*

TYSON, Judge.

C.B. ("respondent") appeals from order entered awarding legal custody of her minor child, H.S.F., to the child's father, J.F., and shared physical custody of H.S.F. between J.F. and her maternal grandfather, T.A. We affirm.

## I. Background

This is the third appeal concerning this minor child. On 14 July 1990, respondent and J.F. were married. H.S.F. was born on 19 January 1993. Respondent and J.F. divorced and respondent later remarried. After her parent's divorce, H.S.F. resided primarily with respondent. H.S.F. and J.F. have maintained in contact with each other.

On 28 January 2004, the Cleveland County Department of Social Services ("DSS") filed a petition that alleged H.S.F. was a neglected juvenile because she lived in an injurious environment with respondent. DSS asserted respondent's home was an injurious environment due to domestic violence that had occurred between respondent and her second husband, H.S.F.'s stepfather.

On 28 January 2004 and 4 February 2004, the trial court entered non-secure custody orders. H.S.F. was placed into DSS's non-secure

custody, who placed her with J.F. and her paternal grandmother. On 16 April 2004, J.F. filed a motion in the cause for legal and physical custody of H.S.F.

On 9 April 2004, after an adjudication and dispositional hearing, the trial court concluded: (1) joint legal custody of H.S.F. was placed with respondent and J.F.; (2) primary physical custody was placed with J.F.; and (3) DSS's custody was terminated. Respondent appealed to this Court after the resulting order was filed on 14 May 2004. On 21 February 2006, this Court affirmed the trial court's order. *See In re H.S.F.*, 176 N.C. App. 189, 625 S.E.2d 916 (unpublished), *disc. rev. denied*, 360 N.C. 534, 633 S.E.2d 817 (2006).

In September 2004, a review hearing was conducted and the trial court ordered continued joint legal custody of H.S.F. with respondent and J.F., but changed primary physical custody from J.F. to respondent. The trial court also ordered "physical placement" of H.S.F. with her maternal grandfather, T.A. J.F. appealed to this Court. On 18 April 2006, this Court reversed the trial court's order and remanded the case to the trial court for further proceedings. *See In re H.S.F.*, 177 N.C. App. 193, 628 S.E.2d 416 (2006).

Upon remand on 11 July 2006, the trial court entered a review order that required an update from all parties on H.S.F.'s status. On 6 September 2006, a review hearing was conducted.

The trial court made extensive findings of fact and concluded it was in H.S.F.'s best interest that legal custody be placed with J.F. and physical custody be shared jointly between J.F. and T.A., with H.S.F.'s primary residence placed with T.A. Secondary custody was placed with J.F. in the form of visitation. The trial court also decreed that: (1) "the jurisdiction of this court is expressly terminated as to this action, pursuant to N.C.G.S. 7B-201 and 7B-911[;]" and (2) "[pursuant] to N.C.G.S. 7B-911, the Clerk of Court shall open a Chapter 50 file under the following caption: [J.F.], Plaintiff vs. [Respondent], Defendant and [T.A.], Defendant." Respondent appeals from this order.

On 6 September 2006, the trial court initiated a Chapter 50 civil custody action entitled. The resulting civil custody order was entered on 31 October 2006. Neither respondent nor J.F. appealed from this order.

## II. Issues

Respondent argues: (1) the trial court's findings of fact failed to support its conclusion of law that it is in H.S.F.'s best interest that

legal custody be granted to J.F. and (2) the trial court violated N.C. Gen. Stat. § 7B-911(c).

### III. Standard of Review

Respondent argues the trial court's findings of fact do not support its conclusion of law that it is in H.S.F.'s best interest to grant legal custody to J.F. We disagree.

"[F]indings of fact made by the trial court . . . are conclusive on appeal if there is evidence to support them." *Hunt v. Hunt*, 85 N.C. App. 484, 488, 355 S.E.2d 519, 521 (1987). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). "The trial court's 'conclusions of law are reviewable *de novo* on appeal.' " *In re J.S.L., G.T.L., T.L.L.*, 177 N.C. App. 151, 154, 628 S.E.2d 387, 389 (2006) (quoting *Starco, Inc. v. AMG Bonding and Ins. Servs.*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996)).

### IV. Legal Custody

**[1]** Here, uncontested findings of fact support the trial court's conclusion of law that it is in H.S.F.'s best interest to grant legal custody to her father, J.F. The trial court found that:

9. [J.F.] has exercised alternating weekend visitation with [H.S.F.] in his home, pursuant to the September 17, 2004 court order.

. . . .

26. [H.S.F.] has exercised regular visitation with her father [J.F.]. The visits have gone well and [H.S.F.] enjoys a loving relationship with her father.

. . . .

38. [J.F.] is the biological father of [H.S.F.]. There is no evidence he has abrogated his constitutional rights to parent [H.S.F.]. There is no evidence [J.F.] is an unfit parent.

39. That, however, when questioned at this hearing about his desires, [J.F.] stated that he did not want to disrupt [H.S.F.'s] situation by having her live with him permanently. When asked about having custody of his daughter [J.F.] stated "I'd take her."

J.F.'s fitness and ability to provide proper care to and supervision of H.S.F. was not contested and has never been an issue in the juve-

nile proceedings before the trial court or this Court. In contrast, the trial court made numerous uncontested findings of fact that demonstrate respondent's unfitness and inability to provide proper care for H.S.F. The trial court's uncontested findings of fact support its conclusion it was in H.S.F.'s best interest that legal custody be granted to J.F. This assignment of error is overruled.

### V. N.C. Gen. Stat. § 7B-911

**[2]** Respondent argues the trial court violated N.C. Gen. Stat. § 7B-911(c). Respondent asserts the trial court: (1) failed to make sufficient findings of fact and conclusions of law to support the entry of a custody order "under G.S. CH. 50, per G.S. 7B-911(c)(1)" and (2) failed to find "there was not a need for continued state intervention on behalf of the juvenile per G.S. 7B-911(c)(2)." We disagree.

N.C. Gen. Stat. § 7B-911(c) (2005) states, in relevant part:

(c) The court *may enter a civil custody order under this section and terminate the court's jurisdiction in the juvenile proceeding only if*:

(1) In the civil custody order the court makes findings and conclusions that support the entry of a custody order in an action under Chapter 50 of the General Statutes or, if the juvenile is already the subject of a custody order entered pursuant to Chapter 50, makes findings and conclusions that support modification of that order pursuant to G.S. 50-13.7; and

(2) In a separate order terminating the juvenile court's jurisdiction in the juvenile proceeding, the court finds:

a. That there is not a need for continued State intervention on behalf of the juvenile through a juvenile court proceeding; and

b. That at least six months have passed since the court made a determination that the juvenile's placement with the person to whom the court is awarding custody is the permanent plan for the juvenile, though this finding is not required if the court is awarding custody to a parent or to a person with whom the child was living when the juvenile petition was filed.

(Emphasis supplied).

N.C. Gen. Stat. § 7B-911 is entitled, "Civil child-custody order." N.C. Gen. Stat. § 7B-911(c) applies only when a trial court "enter[s] a

civil custody order under this section and terminate[s] the court's jurisdiction in [a] juvenile proceeding[.]"

When interpreting a statute, our Supreme Court has stated:

> The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. The foremost task in statutory interpretation is to determine legislative intent while giving the language of the statute its natural and ordinary meaning unless the context requires otherwise. Where the statutory language is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.

*Carolina Power & Light Co. v. The City of Asheville*, 358 N.C. 512, 518, 597 S.E.2d 717, 722 (2004) (internal citations and quotations omitted).

Here, respondent noticed an appeal only from the trial court's review order. Respondent failed to appeal from the trial court's subsequent civil custody order. According to the statutes' plain and definite meaning, the requirements of N.C. Gen. Stat. § 7B-911(c) only apply to civil custody orders and not review orders. Respondent failed to appeal from the trial court's civil custody order entered pursuant to N.C. Gen. Stat. § 7B-911(c) and this Court has no jurisdiction to hear respondent's appeal. *See Bromhal v. Stott*, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994), *aff'd*, 341 N.C. 702, 462 S.E.2d 219 (1995) ("Without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2."). This assignment of error is dismissed.

## VI. Conclusion

The trial court's uncontested findings of fact support its conclusion it was in H.S.F.'s best interest that legal custody be granted to J.F. Respondent noticed appeal from the trial court's review order and failed to notice appeal from the trial court's subsequent civil custody order pursuant to N.C. Gen. Stat. § 7B-911(c). This Court acquired no jurisdiction to consider respondent's assignment of error under N.C. Gen. Stat. § 7B-911(c). The trial court's order is affirmed.

Affirmed.

Judges HUNTER and McCULLOUGH concur.