IN RE: T.M.S., Z.S., T.S., S.S., and R.M.
No. COA09-372
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
E. Marshall Woodall and Duncan B. McCormick, for petitioner-appellee Harnett County Department of Social Services.
Pamela Newell Williams for guardian ad litem.
Wyrick Robbins Yates & Ponton LLP, by Tobias S. Hampson, for respondent-appellant.
WYNN, Judge.
Respondent appeals from an order terminating her parental rights to T.M.S., Z.S., T.S., S.S., and R.M. In a related appeal, in which we file an opinion today, COA09-319, Respondent challenges the trial court's 21 November 2008 permanency planning order. Here, Respondent renews her challenge to the permanency planning order, and argues that the trial court abused its discretion in determining that termination of her parental rights was in the best interest of the children. After careful review, we affirm the trial court's termination order.
We incorporate by reference the facts stated in the companion opinion COA09-319. Additionally, Harnett County Department of Social Services (DSS) filed a motion to terminate Respondent's parental rights to T.M.S., Z.S., T.S., S.S., and R.M. on 28 January 2008. The trial court held the termination hearing on 21 November 2008, the same day as the permanency planning hearing. At the termination hearing, DSS introduced into evidence photographs that depicted the abuse Respondent inflicted on T.M.S., as well as the transcript of the adjudication hearing. Two social workers, who responded to the initial incident and worked with Respondent, also testified, describing the condition of the children.
On 8 January 2009, the trial court entered an order terminating Respondent's parental rights as to all five juveniles. The court found different grounds for termination as to different juveniles based on N.C. Gen. Stat. § 7B-1111(a)(1) and -1111(a)(2) (2007), and found that it was in the juveniles' best interest to terminate Respondent's parental rights.
Respondent appeals from the 8 January 2009 order terminating her parental rights, arguing the trial court erred by determining that it was in the best interest of the juveniles to terminate her parental rights.[1] We disagree.
At the adjudicatory stage, the burden is on the petitioner to prove by clear, cogent, and convincing evidence that at least one ground for termination exists. N.C. Gen. Stat. § 7B-1109(f) (2007); In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Appellate review is limited to whether clear and convincing evidence exists to support the findings of fact, and whether the findings of fact support the conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001). Further, findings of fact supported by competent evidence are treated as conclusive on appeal. In re H.S.F., 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007).
Here, Respondent concedes that there is evidence to support at least one ground for termination as to each juvenile either under section 7B-1111(a)(1) or section 7B-1111(a)(2). Once the trial court has determined that at least one ground for termination exists, it moves to the disposition stage, where it must determine whether termination is in the best interest of the child. N.C. Gen. Stat. § 7B-1110(a) (2007).
In evaluating the best interests of the child, the trial court must consider:
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
§ 7B-1110(a). However, "the trial court is not required to make findings of fact on all the evidence presented, nor state every option it considered." In re J.A.A., 175 N.C. App. 66, 75, 623 S.E.2d 45, 51 (2005).
Here, the trial court's order reflects that it properly considered the factors listed in section 7B-1110(a), and acted within its discretion to determine that termination of Respondent's parental rights was in the best interest of the juveniles. The trial court made the following relevant findings: the age of each juvenile; R.M. has never had a relationship with Respondent and the remaining juveniles have not had a relationship with her for at least twenty-two months; the juveniles have been in stable environments with their needs "appropriately met" since their removal from Respondent's care; and termination of Respondent's parental rights would aid in providing a stable environment for the juveniles. The trial court also made findings that some of the juveniles were doing well in pre-adoptive homes and had bonded with their foster parents, while others were not yet in such placements.
Based on these findings, we hold that the trial court did not abuse its discretion in determining that termination of Respondent's parental rights was in the best interest of the juveniles. See In re J.A.A., 175 N.C. App. at 75, 623 S.E.2d at 51 ("The decision to terminate parental rights is vested within the sound discretion of the trial judge and will not be overturned on appeal absent a showing that the judge's actions were manifestly unsupported by reason."). Accordingly, we affirm the termination of Respondent's parental rights.
Affirmed.
Judges BRYANT and STEELMAN concur.
Reported per Rule 30(e).
NOTES
[1] For the reasons set out in the companion opinion, COA093-19, we dismiss Respondent's appeal from the trial court's permanency planning order.