IN THE MATTER OF: J.J. Minor Child.
No. COA09-577
Court of Appeals of North Carolina
Filed: September 15, 2009
This case not for publication
E. Marshall Woodall and Duncan B. McCormick for petitioner-appellee Harnett County Department of Social Services. Pamela Newell Williams for guardian ad litem.
Robin E. Strickland for respondent-appellant mother.
STEPHENS, Judge.
Respondent-mother appeals from the trial court's 6 February 2009 order terminating her parental rights to juvenile J.J. Respondent contends that the trial court erred when it concluded that grounds existed to terminate her parental rights. For the reasons discussed herein, we affirm.

I. Procedural History
The Harnett County Department of Social Services ("DSS") began prevention services, including case management and daycare services, for respondent in 2004. On 2 October 2006, the trial court entered an order for nonsecure custody of J.J., respondent's youngest child, with DSS, finding that "[J.J. was] exposed to a substantial risk of physical injury or sexual abuse because the parent . . . [had] created conditions likely to cause injury or abuse or [had] failed to provide, or [was] unable to provide, adequate supervision or protection." On 8 October 2006, DSS filed a petition alleging that J.J. was neglected and dependent. In its petition, DSS alleged the following: Respondent had a history of failing to follow through with mental health services. In addition to J.J., respondent was caring for two other children she had with another father. On 2 October 2006, respondent told DSS that she did not know how much longer she would be able to "go on." Respondent had been inappropriately disciplining her children and feared that she would harm them. All of the children had untreated head lice.
On 26 January 2007, respondent and J.J.'s father entered into a memorandum consent order adjudicating J.J. dependent. A dispositional hearing was held on 2 March 2007, and the trial court entered its order on 11 June 2007. The trial court ordered that custody of J.J. remain with DSS with a permanent plan of reunification with respondent and J.J.'s father so long as respondent and J.J.'s father resided together.
On 17 August 2007, the trial court conducted a permanency planning review hearing. In its order entered that same day, the trial court noted the following: Since the birth of J.J., respondent struggled with psychological and emotional disorders including adjustment disorder with anxiety, ADHD, a learning disability, bipolar disorder, and possibly PTSD. In 2007 and 2008, respondent frequently missed scheduled therapy appointments. Respondent attended parenting classes and case management sessions, but a social worker observed that respondent was not able to manage all three children at the same time. During one home visit, respondent's home had no water service and no working phone.
After a 7 March 2008 custody review hearing, the district court entered an order changing J.J.'s permanent plan from reunification to adoption. On 20 March 2008, DSS filed a petition to terminate respondent's parental rights. DSS alleged four grounds for termination pursuant to N.C. Gen. Stat. §§ 7B-1111(a)(1),(2),(3), and (6)(2009).
The case came on for hearing on 10 October 2008 and was completed on 11 and 12 December 2008. J.J.'s father did not participate in the hearing; his attorney informed the trial court that J.J.'s father "[wa]s ready for the termination order to be entered[,]" although "his principle [sic] would not allow him to consent" to the entry of this order. Respondent was present for the first two days of the hearing on 10 October and 11 December 2008, but she was not present on the third day, 12 December 2008. On 6 February 2009, the trial court entered an order terminating the parental rights of both parents. As to respondent, the trial court concluded that all four grounds alleged by DSS to terminate her parental rights were present. Respondent appeals.

II. Discussion
On appeal, respondent contends that the trial court erred in concluding that grounds existed to terminate her parental rights under N.C. Gen. Stat. §§ 7B-1111(a)(1),(2),(3), and (6). We disagree.
In the adjudicatory stage of a termination of parental rights proceeding, the burden is on the petitioner to prove that at least one ground for termination exists by clear, cogent, and convincing evidence. N.C. Gen. Stat. § 7B-1109(f) (2007); In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Review in the appellate courts is limited to determining whether clear, cogent and convincing evidence exists to support the trial court's findings of fact, and whether the findings of fact support the court's conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed and disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001). "`[F]indings of fact made by the trial court . . . are conclusive on appeal if there is evidence to support them.'" In re H.S.F., 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007) (quoting Hunt v. Hunt, 85 N.C. App. 484, 488, 355 S.E.2d 519, 521 (1987)). Conclusions of law are reviewed de novo. In re J.S.L., 177 N.C. App. 151, 154, 628 S.E.2d 387, 389 (2006).
Pursuant to N.C. Gen. Stat. § 7B-1111(a)(2), the trial court may terminate parental rights upon a finding "that a child has been willfully left by the parent in foster care or placement outside the home for over twelve months, and, further, that as of the time of the hearing . . . the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of the child." In re O.C., 171 N.C. App. 457, 464-65, 615 S.E.2d 391, 396, disc. review denied, 360 N.C. 64, 623 S.E.2d 587 (2005). "Willfulness" under this section is less than willful abandonment and does not require a finding of fault. In re Oghenekevebe, 123 N.C. App. 434, 439, 473 S.E.2d 393, 398 (1996). "Willfulness may be found where even though a parent has made some attempt to regain custody of the child, the parent has failed to show reasonable progress" in response to DSS' efforts. In re Clark, 159 N.C. App. 75, 84, 582 S.E.2d 657, 662 (2003) (internal quotation marks and citation omitted).
Respondent contends that the trial court erred in concluding that her conduct in leaving J.J. in foster care for more than twelve months without making reasonable progress to correct the conditions which led to his removal was willful. Specifically, respondent challenges findings of fact forty and forty-one. The remaining unchallenged findings of fact, however, are binding on this Court on appeal and are sufficient to support the trial court's conclusion. See In re S.D.J., ___ N.C. App. ___, ___, 665 S.E.2d 818, 824 (2008) ("[W]here no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." (internal quotation marks and citation omitted)).
The trial court's unchallenged findings of fact include findings that respondent admitted to a social worker that she did not regularly take medication prescribed to treat her bipolar disorder, that respondent missed numerous medication appointments that left her unable to function, that respondent failed to attend numerous therapy sessions in 2007 and 2008, and that respondent was resistant to treatment. Although respondent points to the progress she made by attending parental counseling and some therapy, the trial court's unchallenged findings of fact demonstrate that respondent willfully frustrated DSS' efforts to provide treatment for her mental health issues by frequently avoiding therapy sessions and regular medication treatment for more than two years.
Having concluded that the trial court properly found the existence of this ground for terminating respondent's parental rights, we need not address respondent's argument that the trial court erred in terminating her parental rights under N.C. Gen. Stat. §§ 7B-1111(a)(1),(3), and (6). Clark, 159 N.C. App. at 84, 582 S.E.2d at 663 ("[W]here we determine the trial court properly concluded that one ground exists to support the termination of parental rights, we need not address the remaining grounds."). Accordingly, the trial court's order terminating respondent's parental rights is affirmed.
In conclusion, we are compelled to address the condition of the record on appeal filed in this Court, which consists of 770 pages. It appears that the record was constituted simply by copying everything that is contained in the trial court's file, with no regard for the provisions of the Rules of Appellate Procedure governing the composition of the record and mandating "the duty of counsel for all parties to an appeal to avoid including in the record on appeal matter not necessary for an understanding of the errors assigned[.]" N.C. R. App. P. 9(b)(2) (emphasis added); see also N.C. R. App. P. 3A(b)(2) and 9(a). The record which this Court was required to wade through contains multiple documents wholly irrelevant to the issues raised on appeal and additionally contains multiple copies of numerous documents. Besides wasting the Court's time to review this record, the inclusion of these unnecessary and duplicative documents wastes environmental resources and increases the costs of this appeal. While Rule 9 specifically permits this Court to charge the costs of the unnecessary matter contained in the record "to the party or counsel who caused or permitted its inclusion[,]" we choose instead, this time, to admonish all counsel for the sanctionable state of the record in this case, noting again that it is the "duty of counsel for all parties" to ensure constitution of the record on appeal in accordance with the Rules of Appellate Procedure. N.C. R. App. P. 9(b)(2) (emphasis added).
AFFIRMED.
Judges STROUD and ERVIN concur.
Report per Rule 30(e).