IN THE MATTER OF: S.S.J., A Minor Child
No. COA09-1022.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
Senior Associate Attorney Kathleen Arundell Widelski for petitioner-appellee Mecklenburg County Department of Social Services, Youth and Family Services.
Pamela Newell Williams for guardian ad litem.
Mercedes O. Chut for respondent-appellant mother.
ROBERT C. HUNTER, Judge.
Respondent mother appeals from the trial court's order terminating her parental rights to juvenile S.S.J. Respondent mother challenges numerous findings of fact and the trial court's conclusion of law that grounds existed to terminate her parental rights. After careful review, we affirm.

Facts
At the time of S.S.J.'s birth, respondent mother was incarcerated and awaiting trial as a result of the death of one of her other five children. Respondent mother ultimately pled guilty to involuntary manslaughter on 31 January 2007, was sentenced to 16 to 20 months imprisonment, and was still subject to probation when the Mecklenburg County Department of Youth and Family Services ("YFS") filed a petition to terminate her parental rights on 21 May 2007. One of the conditions of respondent mother's probation was that she was not permitted to be unsupervised with a child under the age of 14.
While respondent mother was incarcerated, S.S.J. lived with respondent father, and S.S.J. lived with both respondents after respondent mother was released from prison in January 2007. On 18 May 2007, a social worker met with respondents and explained that, as a condition of her probation, respondent mother could not be left unsupervised with S.S.J. Later that day, respondent father admitted to the social worker that he left S.S.J. alone with respondent mother.
On 21 May 2007, YFS filed a petition alleging that S.S.J. was abused, neglected, and dependent. Respondents entered into a mediated agreement in which they admitted to the allegations in the petition. Pursuant to the agreement, respondent mother's objectives included: completing a Families in Recovery Stay Together ("F.I.R.S.T.") assessment; complying with the conditions of her probation; completing a parenting class; obtaining stable employment sufficient to support S.S.J.'s needs; maintaining an appropriate, safe, and stable living environment for S.S.J.; maintaining weekly telephone and monthly personal contact with her social worker; maintaining weekly supervised visits; attending S.S.J.'s medical appointments; obtaining a mental health assessment; and, completing domestic violence counseling. On 13 August 2007, the district court entered an order in which it adjudicated S.S.J. to be neglected and dependent pursuant to the mediated agreement and placed S.S.J. in YFS custody.
According to court summaries introduced into evidence, as of October 2007, respondent mother had completed a F.I.R.S.T. assessment, but had not attended parenting classes, failed to provide proof of income to her social worker, failed to make adequate living arrangements, failed to maintain weekly telephone and monthly personal contact, failed to make consistent visits, failed to attend S.S.J.'s medical appointments, and failed to complete domestic violence counseling. By July 2008, respondent mother had still not completed parenting classes, had quit her job, had not maintained contact with her social worker, had not completed her mental health assessment, and had not completed domestic violence counseling.
In a permanency planning review order entered 29 July 2008, the district court found that respondents had not substantially cooperated with service providers or remedied the issues that led to YFS ontaining custody of S.S.J. and concluded that it was in S.S.J.'s best interest for the permanent plan to be adoption. The district court allowed for supervised weekly visits with respondents.
On 30 September 2008, YFS filed a motion to terminate respondents' parental rights. YFS alleged grounds for termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(1)-(3) (2007). On 12 March 2009, respondent father signed a relinquishment of his parental rights.
The case came on for a termination hearing on 12 December 2008 and continued on 17 February and 19 March 2009. The trial court took judicial notice of all the prior orders contained in the court file. Respondent mother testified that she was still unemployed and living with her cousin, her cousin's husband, and their four children at the time of the hearing. Other than S.S.J., all of respondent mother's other children have been placed in other homes.
On 26 May 2009, the trial court entered an order terminating respondent mother's parental rights. At the adjudication phase, the trial court determined that the evidence supported all three grounds to terminate respondent mother's parental rights alleged by YFS. At the disposition phase, the trial court concluded that it was in S.S.J.'s best interests to terminate respondent mother's parental rights. Respondent mother appeals.

Discussion
On appeal, respondent mother challenges numerous adjudication-stage findings of fact and contends that the evidence does not support the trial court's conclusion that all three grounds for termination alleged by YFS exist. We disagree.
In the adjudicatory stage, the burden is on the petitioner to prove that at least one ground for termination exists by clear, cogent, and convincing evidence. N.C. Gen. Stat. § 7B-1109(f) (2007); In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Review in the appellate courts is limited to determining whether clear and convincing evidence exists to support the findings of fact, and whether the findings of fact support the conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed, disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001). "`[F]indings of fact made by the trial court . . . are conclusive on appeal if there is evidence to support them.'" In re H.S.F., 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007) (quoting Hunt v. Hunt, 85 N.C. App. 484, 488, 355 S.E.2d 519, 521 (1987)).
At the outset, we note that although the trial court concluded that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(1)-(3) to terminate respondent mother's parental rights, we find it dispositive that the findings of fact are sufficient to support termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(2)  that respondent mother left S.S.J. in foster care or placement outside the home for more than twelve months without making reasonable progress toward correcting the conditions that led to S.S.J.'s removal from the home. See In re Pierce, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984) (a finding of one statutory ground is sufficient to support the termination of parental rights).
In terminating parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2), the trial court must conduct a two-part analysis:
The trial court must determine by clear, cogent and convincing evidence that a child has been willfully left by the parent in foster care or placement outside the home for over twelve months, and, further, that as of the time of the hearing, as demonstrated by clear, cogent and convincing evidence, the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of the child. Evidence and findings which support a determination of "reasonable progress" may parallel or differ from that which supports the determination of "willfulness" in leaving the child in placement outside the home.
In re O.C. & O.B., 171 N.C. App. 457, 464-65, 615 S.E.2d 391, 396, disc. review denied, 360 N.C. 64, 623 S.E.2d 587 (2005).
"`Willfulness' when terminating parental rights on the grounds of N.C. Gen. Stat. § 7B-1111(a)(2), is something less than `willful' abandonment when terminating on the ground of N.C. Gen. Stat. § 7B-1111(a)(7). A finding of willfulness is not precluded even if respondent has made some efforts to regain custody of the children." In re Shepard, 162 N.C. App. 215, 224, 591 S.E.2d 1, 7 (2004) (internal citation omitted).
In this case, the trial court's findings of fact are supported by clear and convincing evidence, including respondent mother's own testimony and the prior orders, and support the trial court's conclusion that respondent mother failed to make reasonable progress toward correcting the conditions that led to S.S.J.'s removal from her home. Although respondent mother did complete the F.I.R.S.T. assessment, the trial court took judicial notice of prior orders that demonstrate that respondent mother consistently failed to make progress on most of her other goals, including obtaining domestic violence counseling, attending parenting classes, or maintaining contact with her social worker throughout the pendency of this case. Further, as respondent mother acknowledged in her testimony, she was still unemployed and living with her cousin, her cousin's husband, and their four children at the time of the hearing. The trial court's relevant findings of fact are thus supported by the evidence and illustrate respondent mother's consistent lack of reasonable progress.
We hold, therefore, that the trial court's conclusion that respondent mother had willfully failed to make reasonable progress in correcting the conditions that led to S.S.J.'s removal from the home is supported by its findings of fact, and affirm the trial court's order terminating respondent mother's parental rights.
Affirmed.
Judges BRYANT and JACKSON concur.
Report per Rule 30(e).