NO. COA13-1112

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

IN THE MATTER OF:

                                        Wilson County
                                        No. 12 JA 65, 67-68
J.C.B., C.R.R., H.F.R.


    Appeal by respondents from orders entered 22 July 2013 by

Judge Pell C. Cooper in Wilson County District Court.  Heard in

the Court of Appeals 27 March 2014.


    *Stephen L. Beaman for petitioner-appellee Wilson County
    Department of Social Services.*

    *Richard Croutharmel for respondent-appellant mother.*

    *Michael E. Casterline for respondent-appellant father.*

    *Parker, Poe, Adams & Bernstein, by Sarah F. Hutchins and
    Ashley A. Edwards, for guardian ad litem.*


    ELMORE, Judge.


    Respondents, the parents of the juvenile J.C.B. and

custodians of their nieces C.R.R. and H.F.R., appeal from orders

entered 22 July 2013 adjudicating J.C.B., C.R.R., and H.F.R.

neglected juveniles.  After careful review, we reverse in part,

and dismiss, in part.

## I. Facts

This case is related to *In The Matter of R.R.N.*, ___ N.C. App. ___, ___ S.E.2d ___ (COA13-947) (2014). R.R.N. is the step-daughter of respondent-father's cousin. On 30 November 2012, the Wilson County Department of Social Services ("DSS") filed a petition alleging that R.R.N. was an abused and neglected juvenile. DSS stated that it received a Child Protective Services report on 20 August 2012 claiming that R.R.N. had been sexually abused by respondent-father during an overnight visit to respondents' home on 18 August 2012. J.C.B., C.R.R., and H.F.R. were all present in the home at the time of the alleged sexual abuse. Accordingly, on 30 November 2012, DSS filed petitions alleging that J.C.B., C.R.R., and H.F.R. were neglected in that they lived in an environment injurious to their welfare because they resided in a home where another juvenile had been sexually abused.

DSS additionally alleged that C.R.R. and H.F.R. were dependent juveniles. C.R.R. and H.F.R. are respondents' nieces and respondents shared custody of the juveniles with the juveniles' maternal grandmother. C.R.R. and H.F.R. were residing with respondents and unable to return to their parents' home due to their parents' continuing issues with domestic

violence and substance abuse. The plan at the time of the filing of the petitions was for C.R.R. and H.F.R. to move into the residence of their maternal grandmother.

Adjudicatory hearings were held on 13, 14, 15, and 29 March 2013. The trial court concluded that respondent-father abused R.R.N. and found that J.C.B., C.R.R., and H.F.R. resided in the home when the abuse occurred. Accordingly, on 22 July 2013, the trial court adjudicated J.C.B., C.R.R., and H.F.R. as neglected juveniles. The trial court declined to adjudicate C.R.R. and H.F.R dependent as alleged in the petitions. The trial court ordered that custody of J.C.B. remain with respondents while custody of C.R.R. and H.F.R. be granted to their maternal grandmother. Respondent-father was ordered to have no unsupervised contact with C.R.R. and H.F.R. The trial court also entered a written order initiating a Chapter 50 civil custody action as to C.R.R. and H.F.R. Respondents appeal.

## II. Analysis

Respondent-father first argues that the trial court erred by adjudicating R.R.N. an abused juvenile. Respondent-father contends that the trial court failed to make appropriate findings of fact to support a conclusion that R.R.N. was the victim of a sexual offense. We decline, however, to review

respondent-father's argument because he has no right to appeal the adjudication of abuse.

A juvenile matter based on Subchapter I, "Abuse, Neglect, Dependency" of General Statutes Chapter 7B may be appealed by the following parties:

> (1) A juvenile acting through the juvenile's guardian ad litem previously appointed under G.S. 7B-601.
>
> (2) A juvenile for whom no guardian ad litem has been appointed under G.S. 7B-601. If such an appeal is made, the court shall appoint a guardian ad litem pursuant to G.S. 1A-1, Rule 17 for the juvenile for the purposes of that appeal.
>
> (3) A county department of social services.
>
> (4) A parent, a guardian appointed under G.S. 7B-600 or Chapter 35A of the General Statutes, or a custodian as defined in G.S. 7B-101 who is a nonprevailing party.
>
> (5) Any party that sought but failed to obtain termination of parental rights.

N.C. Gen. Stat. § 7B-1002 (2013); *see* N.C. Gen. Stat. § 7B-1001 (2013). Respondent-father does not fall within any category of persons afforded a statutory right to appeal from a juvenile matter pursuant to N.C. Gen. Stat. §§ 7B-1001 and 7B-1002 (2013). Thus, he lacks standing to appeal the trial court's 22 July 2013 order adjudicating R.R.N. an abused juvenile.

We next consider respondents' arguments that the trial court erred by adjudicating J.C.B., C.R.R., and H.F.R. neglected juveniles. Respondents both argue that the trial court erred in adjudicating J.C.B., C.R.R., and H.F.R. neglected juveniles because its findings are insufficient to support the conclusion that they were harmed by respondent-father's actions or exposed to a substantial risk of harm. We agree.

"The role of this Court in reviewing a trial court's adjudication of neglect [] is to determine '(1) whether the findings of fact are supported by "clear and convincing evidence," and (2) whether the legal conclusions are supported by the findings of fact[.]'" *In re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (quoting *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000)), *aff'd as modified*, 362 N.C. 446, 665 S.E.2d 54 (2008). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id.* (citation omitted).

The statutory definition of neglect provides that "[i]n determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile . . . lives in a home where another juvenile has been subjected to abuse or neglect by an

adult who regularly lives in the home." N.C. Gen. Stat. § 7B-101(15) (2013). This Court has acknowledged, however, that "the fact of prior abuse, standing alone, is not sufficient to support an adjudication of neglect." *In re N.G.*, 186 N.C. App. 1, 9, 650 S.E.2d 45, 51 (2007), *aff'd per curiam*, 362 N.C. 229, 657 S.E.2d 355 (2008). Instead, this Court has generally required the presence of other factors to suggest that the neglect or abuse will be repeated. *See, e.g., In re C.M.*, 198 N.C. App. 53, 66, 678 S.E.2d 794, 801-02 (2009) (affirming adjudication of neglect based upon prior abuse of another child and a history of domestic violence between the parents); *In re A.S.*, 190 N.C. App. 679, 690-91, 661 S.E.2d 313, 320-21 (2008), *aff'd per curiam*, 363 N.C. 254, 675 S.E.2d 361 (2009) (affirming adjudication of neglect of a child based upon mother's act of intentionally burning another child's foot and falsely claiming that the burning was accidental); *In re P.M.*, 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005) (affirming adjudication of neglect of one child based on prior adjudication of neglect with respect to other children and parent's lack of acceptance of responsibility).

Even if we assume *arguendo* that respondent-father abused R.R.N., a juvenile, in the home where J.C.B., C.R.R., H.F.R.,

and respondent-father lived, this fact alone does not support a conclusion that J.C.B., C.R.R., and H.F.R. were neglected. *In re N.G.*, *supra*. The trial court made virtually no findings of fact regarding J.C.B., C.R.R., or H.F.R., and wholly failed to make any finding of fact that J.C.B., C.R.R., and H.F.R. were either abused themselves or were aware of respondent-father's inappropriate relationship with R.R.N. Additionally, the trial court failed to make any findings of fact regarding other factors that would support a conclusion that the abuse would be repeated. As a result, the findings of fact do not support a conclusion that respondent-father's conduct created a "substantial risk" that abuse or neglect of J.C.B., C.R.R., and H.F.R. might occur. *In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993) (citation omitted). Accordingly, we reverse the trial court's adjudications of neglect.

Lastly, respondent-mother argues that the trial court erred by entering a Juvenile Court Order Initiating Civil Action For Custody (the civil custody order), transferring the cases of C.R.R. and H.F.R. to a Chapter 50 action. We note, however, that respondent-mother failed to give proper notice of appeal from this order and has filed a petition for writ of certiorari. She avers that we should grant the writ of certiorari because

her untimely appeal from the civil custody order "stems from her court-appointed trial attorney's failure to do so and not because of any lack of desire on her part to appeal that order."

N.C. Appellate Procedure Rule 3.1(a) provides:

> Any party entitled by law to appeal from a trial court judgment or order rendered in a case involving termination of parental rights and issues of juvenile dependency or juvenile abuse and/or neglect, appealable pursuant to N.C.G.S. § 7B-1001, may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in the time and manner set out in Chapter 7B of the General Statutes of North Carolina.

N.C.R. App. P. 3.1(a). Pursuant to N.C. Gen. Stat. § 7B-1001 (2013), "[n]otice of appeal and notice to preserve the right to appeal shall be given in writing . . . within 30 days after entry and service of the order[.]" An appellant's failure to give timely notice of appeal "is jurisdictional, and an untimely attempt to appeal must be dismissed." *In re I.T.P-L.*, 194 N.C. App. 453, 459, 670 S.E.2d 282, 285 (2008) (citation and quotations omitted). However, writ of certiorari "may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals[.]" N.C.R. App. P. 21. This Court has held that an appropriate circumstance to issue writ of certiorari occurs when an appeal

"has been lost because of a failure of his or her trial counsel to give proper notice of appeal." *State v. Gordon*, ___ N.C. App. ___, ___, 745 S.E.2d 361, 363 (2013), *review denied*, ___ N.C. ___, 749 S.E.2d 859 (2013). In such cases, the evidence indicated the appellant's "desire[] to pursue the appeal" despite the attorney's error. *I.T.P-L.*, 194 N.C. App. at 460, 670 S.E.2d at 285; *see In re I.S.*, 170 N.C. App. 78, 84, 611 S.E.2d 467, 471 (2005) (granting writ of certiorari where appellant's notice of appeal incorrectly stated that it was from a January order but it was clear from the circumstances that appellant intended to appeal from an April order); *see also State v. Hammonds*, ___ N.C. App. ___, ___, 720 S.E.2d 820, 823 (2012) ("[A] mistake in designating the judgment . . . should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be *fairly inferred* from the notice and the appellee is not misled by the mistake[.]").

Here, respondent-mother concedes that she did not file timely notice of appeal from the civil custody order that transferred the cases of C.R.R. and H.F.R. to a Chapter 50 action. The only timely notice of appeal filed by respondent-mother was "from the Order of Adjudication and Disposition signed on 19 July 2013, filed on 22 July 2013." This notice of

appeal was worded clearly and properly filed by her attorney. However, the notice of appeal makes no reference to the civil custody order nor does it describe any decision embodied in that order. Thus, we cannot infer from the notice of appeal that respondent-mother desired to pursue an appeal from the civil custody order. Accordingly, we deny her petition for writ of certiorari and dismiss this portion of her argument on appeal. *See In re H.S.F.*, 182 N.C. App. 739, 744, 645 S.E.2d 383, 386 (2007) (dismissing appellant's argument on appeal as to the trial court's error in a civil custody order because her notice of appeal was from the trial court's review order and not from the civil custody order itself).

## III. Conclusion

In sum, we decline to address respondent-father's argument that the trial court erred by adjudicating R.R.N. an abused juvenile because he lacks standing to challenge this issue on appeal. We dismiss respondent-mother's argument pertaining to the alleged erroneous entry of the civil custody order because she failed to give proper notice of appeal. However, we reverse the trial court's adjudications of neglect because its findings of fact do not support its conclusion of law that J.C.B., C.R.R., and H.F.R. were neglected.

Reversed, in part; dismissed, in part.

Judge CALABRIA and Judge STEPHENS concur.