An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-114

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

IN THE MATTER OF:

| | |
|---|---|
| B.A.S., | Henderson County |
| Juvenile | No. 12 JT 38 |

Appeal by Respondent-Father from order entered 1 November 2013 by Judge Peter B. Knight in District Court, Henderson County. Heard in the Court of Appeals 8 July 2014.

>*Deputy County Attorney Rebekah R. Price for Petitioner-Appellee Henderson County Department of Social Services.*
>
>*Levine & Stewart, by James E. Tanner III, for Respondent-Appellant Father.*
>
>*Alston & Bird LLP, by Matthew D. Montaigne, for Guardian ad Litem.*

McGEE, Judge.

Respondent-Father ("Respondent") appeals from the order terminating his parental rights to B.A.S. ("the child")[1]. Respondent contends the trial court erred by concluding three

---

[1] The order also terminated the parental rights of the child's mother, who is not a party to this appeal.

grounds existed to support termination of his parental rights. We affirm.

The Henderson County Department of Social Services ("DSS") became involved with the child's family in February 2012, when police investigated a report that the child's mother had been raped. Officers found the mother to be intoxicated and the home to be in disarray, and referred the matter to DSS. Respondent had fled the home before the police arrived. DSS discovered that, in the child's presence, the parents had engaged in domestic violence and drug use. The child was placed in a kinship placement with the paternal grandmother on 20 February 2012.

DSS filed a petition on 9 March 2012, alleging that the child was neglected and, on 14 June 2012, the child was adjudicated neglected. To correct the conditions that led to the child's removal from the home, the trial court ordered Respondent to, *inter alia*: (1) obtain substance abuse, mental health, and psychological assessments and complete any recommended treatment; (2) attend an anger management and domestic violence program and avoid further domestic violence; (3) establish and maintain stable income and housing sufficient for the family; (4) not be involved with any criminal activity;

(5) maintain face-to-face contact with the social worker and provide the social worker with current contact information; (6) complete parenting classes and demonstrate appropriate parenting skills; (7) complete individual and family therapy; (8) pay child support; (9) cooperate and help obtain appropriate medical treatment for the child; (10) make regular contact with the child; and (11) sign any necessary releases to allow information exchanges between DSS and service providers.

DSS filed a motion in the cause to terminate both parents' parental rights on 27 June 2013. As to Respondent, DSS alleged grounds to terminate Respondent's rights based on neglect, willful failure to make reasonable progress to correct the conditions that led to the child's removal from the home for a period of twelve months, and failure to pay a reasonable portion of the cost of the child's care for the six months preceding the filing of the motion to terminate. The matter came on for a termination hearing on 10 October 2013.

The trial court entered a judgment terminating both parents' rights on 1 November 2013. As to Respondent, in its judgment, the trial court found all three grounds alleged in the termination motion, and concluded it was in the child's best

interest to terminate Respondent's parental rights. Respondent appeals.

On appeal, Respondent contends the trial court erroneously concluded that the three grounds supported termination of his parental rights. We do not agree.

At the adjudicatory stage of a termination of parental rights hearing, the burden is on the petitioner to prove by clear and convincing evidence that at least one ground for termination exists. N.C. Gen. Stat. § 7B-1109(f) (2013); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Review in the appellate courts is limited to determining whether clear and convincing evidence exists to support the findings of fact, and whether the findings of fact support the conclusions of law. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000).

"When the trial court is the trier of fact, the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate." *In re Oghenekevebe*, 123 N.C. App. 434, 439, 473 S.E.2d 393, 397 (1996). "'[F]indings of fact made by the trial court . . . are conclusive on appeal if there is evidence to support them.'" *In re H.S.F.*, 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007) (citation omitted). "'[W]here

no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal[.]'" *In re S.D.J.*, 192 N.C. App. 478, 486, 665 S.E.2d 818, 824 (2008) (quoting *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)).

Although the trial court concluded three grounds existed to terminate Respondent's parental rights, we find it dispositive that the evidence supports termination of his parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) (2013), based upon Respondent's willful failure to make reasonable progress toward correcting the conditions that led to the child's removal from the home. *See In re Humphrey*, 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003) (finding one statutory ground is sufficient to support the termination of parental rights).

In terminating parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2), the trial court must conduct a two-part analysis:

> The trial court must determine by clear, cogent and convincing evidence that a child has been willfully left by the parent in foster care or placement outside the home for over twelve months, and, further, that as of the time of the hearing, as demonstrated by clear, cogent and convincing evidence, the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of

> the child. Evidence and findings which support a determination of "reasonable progress" may parallel or differ from that which supports the determination of "willfulness" in leaving the child in placement outside the home.

*In re O.C.*, 171 N.C. App. 457, 464-65, 615 S.E.2d 391, 396, *disc. review denied*, 360 N.C. 64, 623 S.E.2d 587 (2005).

A respondent's failure to make reasonable progress must be willful, with willfulness being established when the respondent has the ability to show reasonable progress but is unwilling to make the effort. *In re Fletcher*, 148 N.C. App. 228, 235, 558 S.E.2d 498, 502 (2002) (citation omitted). "A finding of willfulness does not require a showing of fault by the parent." *Id.* (citation omitted). "A finding of willfulness is not precluded even if respondent has made some efforts to regain custody of the children." *In re Shepard*, 162 N.C. App. 215, 224, 591 S.E.2d 1, 7 (internal citation omitted), *disc. review denied*, *sub nom In re D.S.*, 358 N.C. 543, 599 S.E.2d 42 (2004).

In the present case, the trial court's findings of fact support its conclusion that Respondent willfully failed to make reasonable progress. We note that Respondent does not challenge the trial court's findings of fact, but rather contends those findings do not support the trial court's conclusion that Respondent willfully failed to make reasonable progress, because

his failure to make progress on his case plan was due to his incarceration and his poverty. Thus, we must primarily consider whether the findings establish that Respondent's lack of progress was willful.

In terminating Respondent's parental rights, the trial court found, in relevant part, that:

> 31. [Respondent] has not obtained a mental health assessment, even though HCDSS scheduled and gave written and/or verbal reminders to [Respondent] of appointments on two different occasions.
>
> 32. [Respondent] has not attended and completed an anger management/domestic violence prevention program.
>
> 33. [Respondent] does not have stable income. [Respondent] has provided the social worker with one pay stub from MDT Personnel's "day labor" program for the time period of August 10, 2012 working 14 hours in the amount of $77.77. Since [Respondent's] release from incarceration on February 7, 2013, he has not provided HCDSS with any documentation to verify employment and/or financial means.
>
> 34. [Respondent] has been unsuccessful in establishing and maintaining a safe and consistent residence. Since his release from incarceration, he has stayed with friends and at the Hendersonville Rescue Mission. [Respondent] has failed to provide HCDSS with updated residential information.
>
> 35. [Respondent] was incarcerated from November 9, 2012 to February 6, 2013 for probation violations related to April 1,

2012 charges of Felony Larceny of Fire Arm, Felony Breaking and Entering, and Misdemeanor Possession of Stolen Goods. [Respondent's] probation officer told HCDSS that [Respondent's] probation is in effect until May 22, 2014 and that he currently owes $3,150.00.

36. [Respondent] met with the social worker on at least a monthly basis through May 2013. Since the last hearing, [Respondent] has met with the social worker once in June 2013 and has not provided updated contact information.

37. [Respondent] started Mainstay's parenting program on September 14, 2012 and was terminated from the program on October 29, 2012 as a result of missed sessions. [Respondent] has not completed the course.

38. [Respondent] has not engaged in individual or family therapy.

39. [Respondent] has not attended any of the [child's] medical, dental, and/or developmental appointments. [Respondent] was advised of the [child's] surgical procedure on February 21, 2013 at Park Ridge Hospital and he failed to come to the hospital to be with the [child].

40. [Respondent] failed to appear for his April 26, 2013 child support hearing. As of October 1, 2013, he owes $350.00 in arrearage. [Respondent] did not pay any amount towards his child support until yesterday; [Respondent] testified he paid $50.00 to child support the day before the hearing.

41. From the May 3, 2012 Adjudication and Disposition hearings to May 2013, [Respondent] has failed to attend 32 of 56

scheduled supervised visits with the [child]. [Respondent] has attended 19 supervised visitations and has had no contact with the [child] since May 2013.

42. [Respondent] signed consents to release information.

43. [Respondent] paid $0.00 towards the support and care of the [child] until the day before court when he paid $50.00. He has an arrearage of $350.00.

The above findings of fact were unchallenged by Respondent. More strikingly, in his brief, Respondent made several affirmative statements that he had failed to fulfill the reunification conditions contained in the dispositional order. Contrary to Respondent's argument, these unchallenged findings portray more than a parent who simply lacked the resources or opportunity to make progress on his case plan. Instead, these findings demonstrate that Respondent willfully failed to make the effort necessary to complete the plan set out by the trial court at disposition, including failing to even begin many of the assessments and treatments required by the trial court.

The trial court's findings of fact delineate the many efforts DSS made to ensure Respondent had the resources necessary to make progress on his case plan. These efforts included giving Respondent: (1) referrals for day care for the child, (2) Medicaid, (3) food stamps, (4) mental health

assessment and treatment, and (5) substance abuse assessment and treatment. DSS facilitated face-to-face visits for Respondent and the child, and placed the child with his paternal grandparents while Respondent was supposed to be making progress on his case plan. Additionally, DSS provided Respondent with bus passes to ensure that Respondent had the requisite transportation to meet the requirements of his case plan.

Respondent had the time and resources necessary to make reasonable progress on his case plan. The above findings of fact by the trial court show that Respondent willfully failed to make reasonable progress. We affirm the trial court's conclusion that Respondent failed to make reasonable progress, and we affirm the order terminating Respondent's parental rights.

Affirmed.

Judges STEELMAN and ERVIN concur.

Report per Rule 30(e).